Mr. Justice Wylie
stated the case and delivered the opinion of the court:
This is an action upon a promissory note for $1,500, made by the defendant and payable to Mrs. Annie E. Brent. The note was secured by deed of trust made by the defendant upon lots 19, 20, 24, and 25 in Carrington and Hughes subdivision of square 234 in this city. Mrs. Brent having died, the note and security passed to the executor, John Carroll Brent, from whom it was purchased by the plaintiff after maturity. The defense set up at the trial was that the note had been paid and satisfied; not that it had ever been paid to Mrs. Brent in her life-time, or to her executor after her death, nor even to the present plaintiff since its purchase by him from the executor, but that it had been satisfied in law because the defendant had had dealings with several other parties who ought to have paid it on his account according to their contracts severally with him, one after the other, in succession. Indeed, the defendant claims that in this way the note has been already paid three times over, and if he- *300 should fail in his defense in the present action he will be obliged to pay it once more. And he makes it out iu'this way: first, he sold the lots on which he had given security for the note, to one Benjamin F. Gilbert for $1,500 less than their value, because of this incumbrance, and this was payment No. 1; second, Gilbert, having got the property from the defendant at such reduced price, and agreed to pay off the incumbrance, and failed to meet his contract in this as well as other respects, this amounted to payment No. 2; third, that the present owner of the lots is one Browne, who derives his title through several mesne conveyances from the said Gilbert, and that this Browne is justly indebted to the defendant in a sum larger than the amount of this note, and, therefore, ought to pay off the incumbrance upon the property, and this is payment No. 3.
According to this pretension if Browne should, in his turn, sell the same property to some other person who is indebted to the defendant in like amount, that would be payment No. 4; and so the progression might be continued as long as the successive purchasers should, on any account, bo debtors of the defendant, and yet the holder of the note never be paid. Notwithstanding all these “ payments,” no money of the defendant has ever reached the hands of either Mrs. Brent, in her life-time, or of her executor, or of his indorsee since; nor is it pretended that either of these parties has ever had a place on the list of defendant’s debtors so as to afford him the benefit of a set-off against the note. Whatever disappointments the defendant may have met with in his dealings with Gilbert and his successors, they furnish no defense in the present action.
In examining the record in this case, we have met with some difficulty in clearing it of the surrounding circumstances, and what the works on logic call its accidents, which have no bearing on the issue to be decided, but serve only to embarrass investigation. Divested of all such matter, and of its attendant verbiage, the present case, we believe, is only what- we have presented.
Judgment affirmed with costs.